## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORAH BOLEN,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0707** (BOR Appeal No. 2051090)
              (Claim No. 2015025184)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Deborah Bolen, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Raleigh County Board of Education, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is two-part. The first issue is whether lumbar radiculopathy should be held a compensable component of the claim, and the second is whether the request for physical therapy treatments should be granted. This appeal originated from the July 6, 2015, and July 17, 2015, claims administrator's decisions which denied the request to add lumbar radiculopathy to the claim and denied the request for physical therapy treatments, respectively. In its February 4, 2016, Order, the Workers' Compensation Office of Judges affirmed the decisions. The Board of Review's Final Order dated June 28, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Deborah Bolen, a special education aid, injured her back when she was helping to restrain a student at a bus stop on March 9, 2015. Ms. Bolen was examined by Rocky Sexton, D.C., who diagnosed a sprain/strain of the lower back. An MRI was ordered and then performed on March 17, 2015. The MRI revealed concentric bulging and left lateral protrusion of the L3-4 and L4-5

1

intervertebral discs, along with marginal osteophytes resulting in encroachment on the left lateral recesses, and possible nerve root impingement. There was mild concentric bulging of the L5-S1 intervertebral discs. There was also mild encroachment at L2-3 lateral recesses by combination of lateral disc bulging and small marginal osteophytes. Dr. Sexton completed a diagnosis update in which he requested that the claims administrator add lumbar intervertebral disc syndrome to the claim as the MRI showed multiple disc bulges with left lateral protrusions. The claims administrator held the claim compensable for lumbar sprain on March 26, 2015. The claims administrator specifically denied lumbar intervertebral disc syndrome as a compensable component because it was degenerative in nature.

Ms. Bolen underwent an EMG/nerve study performed by Barry K. Vaught, M.D., on April 26, 2015. Mr. Vaught noted mild electrophysiological evidence for S1 radiculopathy on the left. On May 5, 2015, Ms. Bolen underwent an independent medical evaluation performed by Jerry Scott, M.D. Dr. Scott diagnosed lumbar sprain/strain superimposed on pre-existing degenerative disease of the lumbar spine. He noted that the MRI outlined Ms. Bolen's significant pre-existing degenerative disease, which was fairly diffuse throughout the lumbar spine. Dr. Scott opined that the medical evidence established a causal link between the work-related injury and the lumbar spine. However, Dr. Scott did not believe there was a causal link with Ms. Bolen's disc disease, which appeared to be degenerative. Dr. Scott believed that Ms. Bolen had reached maximum medical improvement and that no further treatment related to the compensable injury was necessary. Any treatment related to the disc disease would not be related to the compensable injury.

Ms. Bolen sought treatment from Heather Conway, FNP-BC, for her low back pain on May 8, 2015. Ms. Conway's impression was displacement of lumbar intervertebral disc without myelopathy, for which she recommended physical therapy. Subsequently, on June 26, 2015, Dr. Sexton completed another diagnosis update in which he requested to add lumbar intervertebral disc syndrome and lumbar radiculopathy to the claim. Dr. Sexton stated that Ms. Bolen had some pre-existing lumbar degenerative changes but had an acute herniated disc. All signs pointed to the disc pressing on the nerve from the lumbar region, including numbness and muscle weakness into the left leg, which he attributed to the compensable injury. On July 6, 2015, the claims administrator denied the request to add lumbar radiculopathy to the claim. Shortly thereafter, on July 17, 2015, the claims administrator also denied the request for three months of physical therapy for the lumbar spine.

Dr. Sexton authored a treatment note on September 5, 2015, detailing Ms. Bolen's medical history. Dr. Sexton noted that over the past eight years he treated Ms. Bolen periodically for migraines and tension headaches. In that time period, Ms. Bolen only occasionally mentioned mild low back pain from 2013 to 2014. The symptoms were never severe enough that Dr. Sexton felt the need to order an x-ray or MRI. Ms. Bolen always responded to conservative treatment. However, Dr. Sexton related that he saw a change in Ms. Bolen's symptomology after the work-related incident. She developed severe left leg pain and numbness, left groin pain, left lower abdomen pain and swelling, along with urinary incontinence. Upon examination after the injury, Dr. Sexton noted that Ms. Bolen exhibited all the signs and orthopedic findings of a lumbar disc injury. Dr. Sexton opined that the EMG study performed by Dr. Vaught would have been more

telling if performed at the time of the injury or shortly thereafter. As it was, Ms. Bolen underwent the study after already receiving treatment and experiencing significant improvement.

On February 4, 2016, the Office of Judges affirmed both the July 6, 2015, and July 17, 2015, claims administrator decisions. The Office of Judges noted that on March 26, 2015, the claims administrator held the claim compensable for lumbar sprain/strain. The Order specifically noted that lumbar intervertebral disc syndrome was not compensable as it was degenerative in nature. Because Ms. Bolen never protested that Order, the Office of Judges noted that the rejection of that condition was final. Thus, the only remaining compensable condition was lumbar sprain, which does not result in lumbar radiculopathy. The Office of Judges noted that Dr. Scott opined that Ms. Bolen had evidence of significant pre-existing degenerative disease of the lumbar spine, which was supported by the MRI results. Because the lumbar intervertebral disc syndrome was pre-existing and degenerative in nature, it was not compensable. Thus, as lumbar radiculopathy was a result of this non-compensable condition, it also could not be held compensable. As for the requested physical therapy treatments, the Office of Judges noted that the impression of Ms. Conway was lumbar intervertebral disc without myelopathy, for which she recommended physical therapy. As mentioned, the Office of Judges determined that lumbar intervertebral disc syndrome was not compensable, and thus, any treatment of that non-compensable condition cannot be authorized. Accordingly, the Office of Judges found that the condition of lumbar radiculopathy was not compensable and would not be added to the claim, nor would the physical therapy treatments be granted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 28, 2016.

We agree with the reasoning and conclusion of the Office of Judges as affirmed by the Board of Review. The evidence of record establishes that Ms. Bolen's lumbar radiculopathy is related to her non-compensable lumbar intervertebral disc syndrome, not the work-related injury, and thus cannot be held compensable. The requested physical therapy sessions are aimed at treating Ms. Bolen's non-compensable conditions and cannot be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

3